IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DUSTIN SLAUGHTER       Plaintiff, | : : : | CIVIL ACTION |
| v. | : : | |
| NATIONAL SECURITY AGENCY and CENTRAL INTELLIGENCE AGENCY,       Defendants. | : : : : | No. 15-5047 |

MEMORANDUM

**Schiller, J.**                                                                                                                  **November 16, 2015**

Dustin Slaughter, a resident of Philadelphia, Pennsylvania, is an online journalist and a member of the Occupy Philadelphia group. In his Complaint, he seeks to compel the National Security Agency ("NSA") and the Central Intelligence Agency ("CIA") to release agency records sought in the Freedom of Information Act ("FOIA") requests submitted by Plaintiff's attorney, Paul J. Hetznecker.

Before the Court are Defendants' motion to dismiss, Plaintiff's response, Plaintiff's motion for leave to amend the complaint,[1] and Defendants' reply. For the reasons below, the Court grants Defendants' motion to dismiss and denies Plaintiff's motion for leave to amend.

**I.    FACTUAL BACKGROUND**

On December 17, 2014, Hetznecker submitted FOIA requests to the NSA and the CIA regarding the Occupy Philadelphia movement. The requests sought information about the agencies' communications with local law enforcement concerning surveillance activity, among

---

[1] Plaintiff did not formally file a motion for leave to amend the Complaint. Rather, he requests leave to amend the Complaint as an argument in the alternative in his response to the motion to dismiss. The court will treat this request as a motion.

other issues. Both requests were made in Hetznecker's own name and did not identify Slaughter, Hetznecker's client, as the person requesting the information.

In a letter dated January 26, 2015, the NSA notified Hetznecker that it was denying his FOIA request because, among other reasons, "the existence or non-existence of the materials you request is a currently and properly classified matter." (Mot. to Dismiss Ex. 2.) On March 18, 2015, Hetznecker filed an administrative appeal, which the agency never answered.

The CIA declined to process Hetznecker's FOIA request. In a later dated January 30, 2015, the CIA argued that it was not the proper agency to handle to his inquiry, because the CIA was "primarily concerned with foreign intelligence—not domestic—matters." (*Id.* Ex. 3.) The agency suggested that Hetznecker file his request with the Federal Bureau of Information ("FBI"). Hetznecker filed an administrative appeal with the CIA on March 16, 2015, which the agency denied on May 7, 2015.

## II.     DISCUSSION

According to Plaintiff, Defendants have wrongfully withheld responsive information under FOIA. Slaughter asks the Court to compel Defendants to release these documents and pay costs and reasonable attorney's fees incurred in this action. Defendants argue that Slaughter lacks standing. Slaughter requests leave to amend the complaint to substitute Hetznecker in his place if this Court finds that Slaughter lacks standing.

### A.     Motion to Dismiss

Defendants have filed a motion to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction, arguing that Plaintiff lacks standing. *See Ballentine v. United States*, 486 F.3d 806, 810 (3d Cir. 2007) ("A motion to dismiss for want of standing is . . . properly brought pursuant to Rule 12(b)(1), because standing is a jurisdictional matter."). The plaintiff has the burden of

establishing that the court has jurisdiction to hear the case. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). As the party asserting jurisdiction, the plaintiff also has the burden of establishing that he has jurisdictional standing to sue. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). The standing requirement, which is derived from Article III of the Constitution, seeks to ensure that "the plaintiff has alleged such a personal stake in the outcome of the controversy as to warrant his invocation of federal-court jurisdiction and to justify exercise of the court's remedial powers on his behalf." *Warth v. Seldin*, 422 U.S. 490, 498-99 (1975) (internal quotation marks omitted). To establish standing, the plaintiff must demonstrate that he has suffered: (1) an injury in fact; (2) that is fairly traceable to the challenged action of the defendant; and (3) that a favorable decision would likely redress that injury. *Id.* at 560. The question before the Court is whether Slaughter has standing to appeal Defendants' denial of Hetznecker's FOIA claims. He does not.

FOIA is "fundamentally designed to inform the public about agency action." *N.L.R.B. v. Sears, Roebuck & Co.*, 421 U.S. 132, 143 n.10 (1975). Under FOIA, federal agencies are required to make records and information available "to any person" submitting a proper request, unless one of the enumerated exceptions applies. 5 U.S.C. § 552(a)(3)(A). If the agency declines to release information and the requester has exhausted administrative remedies, the requester may sue in federal district court to compel disclosure. 5 U.S.C. § 552(a)(4)(B); 5 U.S.C. § 552(a)(6)(A)(ii). In effect, the agency's adverse decision to a FOIA request satisfies the injury-in-fact requirement of standing for the requester. It creates a private cause of action in the requester, even if the requester "[does] not have a personal stake in the information sought." *McDonnell v. United States*, 4 F.3d 1227, 1237 (3d Cir. 1993).

While FOIA allows any person to request information from an agency, the right to challenge an agency's adverse decision in federal court belongs exclusively to the requester. The Third Circuit has held that, "[A] person whose name does not appear on a request for records has not made a formal request within the meaning of the statute. Such a person, regardless of his or her personal interest in disclosure of the requested documents, has no right to receive [them]." *Id*.

Here, Slaughter must show that he made a FOIA request, and that the agency denied that request. Slaughter, however, never submitted the underlying FOIA requests. Rather, Hetznecker submitted these requests in his own name without mentioning Slaughter or explaining that he was submitting these requests on Slaughter's behalf. Because Hetznecker's requests cannot be attributed to Slaughter, Slaughter did not suffer a legally cognizable injury when Defendants denied Hetznecker's FOIA requests. Therefore, Slaughter lacks standing to bring this claim, and his claims are dismissed. *See also Maxxam, Inc. v. FDIC*, Civ. A. No. 98-0989, 1999 WL 33912624, at *2 (D.D.C. Jan. 29, 1999) (dismissing FOIA action where plaintiff's counsel "made the FOIA request in its own name" without any reference to plaintiff).

### B. Plaintiff's Motion for Leave to Amend the Complaint

Plaintiff seeks leave to amend the Complaint if the Court determines that he lacks standing. Specifically, Slaughter wishes to substitute Hetznecker in his place as Plaintiff. As a general matter, a court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The Third Circuit has not explicitly addressed whether a plaintiff lacking standing to bring a case may amend the complaint to substitute in his place a plaintiff with standing. However, a court in this District has found, in a decision affirmed by the Third Circuit, that, "A plaintiff . . . may not amend the complaint to substitute a new plaintiff in order to cure a lack of jurisdiction, because a plaintiff may not create jurisdiction by amendment where none

exists." *Arrow Drilling Co., v. Carpenter*, Civ. A. No. 02-9097, 2003 WL 23100808, at *5 (E.D. Pa. Sept. 23, 2003), *aff'd,* 125 F. App'x 423, 424 (3d Cir. 2005) (finding that the district court "did not abuse its discretion in refusing [plaintiff's] request to amend in violation of Rule 15").

Courts in other circuits have concluded that plaintiffs who lack standing to prosecute an action similarly lack standing to amend. *See Pressroom Unions-Printers League Income Sec. Fund v. Cont'l Assurance Co.*, 700 F.2d 889, 893 (2d Cir. 1983) ("The longstanding and clear rule is that if jurisdiction is lacking at the commencement of [a] suit, it cannot be aided by the intervention of a [plaintiff] with a sufficient claim.") (internal quotation marks omitted); *Summit Office Park, Inc. v. U.S. Steel Corp.*, 639 F.2d 1278, 1282-83 (5th Cir. 1981) ("Where a plaintiff never had standing to assert a claim against the defendants, it does not have standing to amend the complaint and control the litigation by substituting new plaintiffs . . . ."). More specifically, courts have found in FOIA cases that a plaintiff without standing cannot amend the complaint to substitute his attorney when the attorney filed the FOIA claim in his own name. *See Wingate v. U.S. Dep't of Homeland Sec.*, Civ. A. No. 11-223, 2012 WL 1964114 (M.D. Fla. May 31, 2012). Plaintiff submits no cases in support of his standing to amend.

This Court is persuaded that a party who lacks standing to prosecute an action also lacks standing to amend his complaint. Because Slaughter lacks standing to bring his FOIA claim in this Court, he lacks standing to amend the complaint, and this court lacks jurisdiction over the matter. Therefore, his motion to amend is denied. If Hetznecker is going to pursue this matter, he must bring a separate action on his own behalf in district court.

### III. CONCLUSION

Slaughter lacks standing and he cannot cure that jurisdictional defect by substituting a plaintiff who is not a party to this case. Accordingly, Defendants' motion to dismiss is granted

and Plaintiff's motion for leave to amend is denied. An order consistent with this Memorandum will be docketed separately.